IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Shawn Williams, David Green, Jamie Coomes, Malcum Kenner, and Andrew Barrett, *individually and as representatives of a class of participants and beneficiaries on behalf of the Centerra Group, LLC 401(k) Plan (aka the Constellis 401(k) Plan),* | Case No.: 1:20-cv-04220-SAL |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| CENTERRA GROUP, LLC; THE BENEFIT PLAN COMMITTEE OF THE CENTERRA GROUP, LLC; THE INVESTMENT COMMITTEE OF THE CENTERRA GROUP, LLC; AON HEWITT INVESTMENT CONSULTING, INC. (NKA AON INVESTMENTS USA, INC.); PAUL P. DONAHUE; DEBORAH F. RICCI; MARCIA ALDRICH; AND JOHN DOES 1– 10; | |
| Defendants. | |

This matter is before the Court on three motions to dismiss Plaintiffs' complaint. [ECF Nos. 46, 48, 49]. Plaintiffs are five current employees of Centerra Group, LLC ("Centerra") who are participants in the Centerra 401(k) Plan ("the Plan"). Plaintiffs, individually and as representatives of a class of participants and beneficiaries of the Plan, bring this action on behalf of the Plan against Centerra, the Benefit Plan Committee of Centerra, the Investment Committee of Centerra, Aon Hewitt Investment Consulting, Inc. (now known as Aon Investments USA, Inc.), Paul P. Donahue,

Deborah F. Ricci, Marcia Aldrich, and John Does 1-10.[1]  In their complaint, Plaintiffs bring a variety of claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., arising out of alleged improper investment decisions that resulted in losses to participants' retirement savings and excessive administrative fees.  Plaintiffs allege the Benefit Plan Committee, the Investment Committee, Paul P. Donahue, Deborah F. Ricci, Marcia Aldrich, and John Does 1-10 acted as agents of Centerra.  Accordingly, the Court hereinafter refers to these individuals and entities, along with Centerra itself, as "the Centerra Defendants."

Aon Hewitt Investment Consulting Inc. ("AHIC") moved to dismiss the complaint as it pertains to AHIC.  [ECF No. 46].  The Centerra Defendants—excluding Deborah F. Ricci—also moved to dismiss the complaint.  [ECF No. 48].  Defendant Ricci filed her own motion to dismiss, but the motion adopts and incorporates by reference the arguments advanced by the Centerra Defendants without distinguishing her position from that of the Centerra Defendants.  [ECF Nos. 49, 49-1].  Accordingly, unless stated otherwise, the Court treats Ricci as a Centerra Defendant for purposes of this Order.  Plaintiffs responded to AHIC's motion, ECF No. 60, and responded to Ricci and the Centerra Defendants together in one filing, ECF No. 59.  All Defendants replied to the responses, ECF Nos. 72-74.  The motions are ripe for ruling.

## BACKGROUND

The following is a summary of the factual background of this action as set forth in Plaintiffs' complaint, ECF No. 1.  Plaintiffs are five current participants in the Plan, a defined contribution, individual account employee benefit plan sponsored by Centerra.  *See* 29 U.S.C. § 1002(a)(1),

---

[1] Plaintiff describes John Does 1-10 as "Plan fiduciaries unknown to plaintiffs who exercised discretionary authority or discretionary control respecting the management of the Plan, exercised authority or control respecting the management or disposition of their assets, or had discretionary authority or discretionary responsibility in the administration of the Plan and are fiduciaries under 29 U.S.C. §1002(21)(A)(i) and (iii)."  [ECF No. 1, ¶ 23].

(16).  Plaintiffs seek to represent a class of all participants and beneficiaries in the Plan from December 4, 2014 through January 1, 2019.  On December 4, 2014, the Plan had $273 million in assets and 4,161 participants with account balances.  On January 1, 2019, the Plan was merged into the Constellis 401(k) Plan ("the Constellis Plan").

Prior to the Plan's merger in January 2019, Centerra was the named fiduciary with authority to manage the Plan.  The Benefit Plan Committee of Centerra ("Benefits Committee") was responsible for the administration of the Plan, and the Investment Committee of Centerra ("Investment Committee") was responsible for the selection of investment options in the Plan.  The named individual Defendants were members of the Benefits Committee during the relevant time period.

On January 1, 2016, Centerra and the Benefits Committee hired AHIC as the Plan's discretionary investment manager.  AHIC had the authority to select and remove Plan investments. The Centerra Defendants had the authority to request that AHIC retain any investment for the Plan but agreed to allow AHIC to exclusively select its own proprietary funds for the Plan.  Per this arrangement, the Plan's investment lineup was restructured.

In June 2016, AHIC replaced eleven actively managed equity, fixed income, and target date mutual funds with five collective trusts ("the Aon Trusts") managed by Aon Trust Company ("ATC"), a banking affiliate of AHIC.  The Plan invested over $150 million in the Aon Trusts. When the Plan merged with the Constellis Plan in January 2019, Constellis replaced the five Aon Trusts.

Plaintiffs allege the Defendants replaced well-performing funds with the Aon Trusts for their own financial gain rather than to benefit the Plan participants.  According to the Plaintiffs, the Aon Trusts underperformed causing substantial losses compared to what the Plan would have earned

had it remained invested in the actively managed funds which the Aon Trusts replaced. Further, Plaintiffs allege the Centerra Defendants caused the Plan to incur excessive recordkeeping fees because they failed to monitor and control the compensation of the Plan's recordkeeper: Voya Institutional Plan Services, LLC ("Voya").

Plaintiffs assert four causes of action. In count one, Plaintiffs allege the Centerra Defendants and AHIC breached the fiduciary duties imposed by ERISA when the Plan invested in the Aon Trusts. In count two, Plaintiffs allege the Centerra Defendants breached the fiduciary duties imposed by ERISA when they caused the Plan to pay unreasonable recordkeeping fees. In count three, Plaintiffs allege the Centerra Defendants and AHIC engaged in transactions prohibited by ERISA. In count four, Plaintiffs allege the Centerra Defendants breached the fiduciary duty imposed by ERISA to monitor other Plan fiduciaries. The Centerra Defendants move to dismiss the entire complaint. AHIC moves to dismiss counts one and three: the only counts asserted against AHIC. All Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs fail to state a claim upon which relief can be granted.

## LEGAL STANDARD

### I.    The pleading standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, n.3 (2007).

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint[.]" *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.,* 417 F.3d 418, 420 (4th Cir. 2005); *Ashcroft,* 556 U.S. at 662 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). However, the court is not required to accept Plaintiff's legal conclusions as true. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ("[F]or purposes of Rule 12(b)(6), we are not required to accept as true the legal conclusions set forth in a plaintiff's complaint.").

Rule 8 applies to pleadings for all ERISA actions. *Reetz v. Lowe's Companies, Inc.*, No. 518CV00075KDBDCK, 2019 WL 4233616, at *3 (W.D.N.C. Sept. 6, 2019). To state a viable claim under ERISA, the complaint must contain sufficient factual allegations as compared to mere legal conclusions. *See Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir. 1996) (affirming dismissal of ERISA complaint that "lacked any specific factual allegations" to support the assertion that the defendant was a *de facto* fiduciary of the plan).

## II. Defendants' Exhibits

AHIC submits thirty exhibits that it contends the Court may consider on its motion to dismiss, and the Centerra Defendants submit eight of their own. Generally, a court's evaluation of a motion to dismiss is limited to a review of the allegations of the complaint itself. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016); Fed. R. Civ. P. 12(d). However, a court may

consider documents that are explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits. *Goines*, 822 F.3d at 165. A court may also consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity. *Id.* at 166.

Limited quotation from or reference to documents that may constitute relevant evidence in a case is not enough to incorporate those documents, wholesale, into the complaint. *Id.* (citing *Sira v. Morton*, 380 F.3d 57, 67 (2d. Cir. 2004)). Instead, for the document to be considered, the plaintiff's claims must turn on, or otherwise be based on, the contents of the document. *Goines*, 822 F.3d at 166. Short of that, a document is not integral to the complaint and should not be considered. *Id.*

Here, only three of Defendants' exhibits meet the threshold. Plaintiffs' claims rely heavily on the terms and effects of AHIC's Exhibit 1 and Exhibit 3. AHIC's Exhibit 1 is the Investment Management Agreement (IMA) among AHIC, Centerra, and the Benefits Committee effective as of January 1, 2016. Plaintiffs reference the IMA in paragraph 44 of the complaint, ECF No. 1, ¶44, and it is central to their claims. AHIC's Exhibit 3 is the Aon Hewitt Collective Investment Trust Offering Statement from October 2016. Plaintiffs reference this document and make factual allegations clearly derived therefrom throughout the complaint. The Centerra Defendants' Exhibit 2 is also integral to one of Plaintiffs' claims. The Centerra Defendants' Exhibit 2 is a letter agreement between Centerra and AHIC establishing that AHIC was the investment advisor to the Plan prior to its retention as investment manager. [ECF No. 48-2, ¶5]. Plaintiff's prohibited transaction claim against the Centerra Defendants turns on this document because it is the basis for alleging AHIC was a "party in interest" prior to the alleged prohibited transactions. Faced with

a nearly identical exhibit challenge, the United States District Court for the Northern District of Illinois took a similar approach in *Miller v. Astellas US LLC*. No. 20 C 3882, 2021 WL 1387948, at *3 (N.D. Ill. Apr. 13, 2021).

Defendants also ask the Court to consider certain documents by taking judicial notice. Under Federal Rule of Evidence 201, courts at any stage of a proceeding may "judicially notice a fact that is not subject to reasonable dispute," provided that the fact is "generally known within the court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). However, even if a document may be subject to judicial notice, a district court should not consider it if it is not integral to the complaint. *Goines*, 822 F.3d at 166. Having found only three such documents offered by Defendants, the Court declines to take judicial notice and consider any others.

The Court also notes that even the exhibits it considers are not accepted for the truth of every matter asserted therein. On a motion to dismiss, the Court considers extrinsic evidence so that it can apply the "exhibit-prevails" rule. *See Fayetteville Inv'rs v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir. 1991). The exhibit-prevails rule is as follows: in the event of conflict between the bare allegations of the complaint and any exhibit attached, the exhibit prevails. *Id*; *accord S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013). However, animating the exhibit-prevails rule is the presumption that the plaintiff, by basing his claim on the attached document, has adopted as true the contents of that document. *Goines*, 822 F.3d at 167. It is not always appropriate to conclude the plaintiff has adopted as true the contents of an attached document, because plaintiffs can—and often do—attach documents for a purpose other than to prove the truth of the matter asserted therein. *Id.*

Accordingly, an extrinsic document considered at this stage will prevail over the Plaintiffs' allegations only to the extent Plaintiffs have adopted the document's contents as true as a basis for the matter alleged.

## DISCUSSION[2]

### I. Count I: breach of fiduciary duties against all Defendants related to investment in the Aon Trusts

In count one, Plaintiffs allege the Centerra Defendants and AHIC breached the fiduciary duties imposed by ERISA by selecting and retaining the Aon Trusts in the Plan. [ECF No. 1, ¶¶ 140-46]. Specifically, count one is a claim under 29 U.S.C. § 1104(a)(1) for breach of the fiduciary duties of prudence and loyalty. Section 1104(a)(1) holds plan fiduciaries to a "prudent man standard of care:"

> **(1)** Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--
> **(A)** for the exclusive purpose of:
> **(i)** providing benefits to participants and their beneficiaries; and
> **(ii)** defraying reasonable expenses of administering the plan;
> **(B)** with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
> **(C)** by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and

---

[2] At the outset, the Court takes note of four decisions. *Reetz v. Lowe's Companies, Inc.*, No. 518CV00075KDBDCK, 2019 WL 4233616 (W.D.N.C. Sept. 6, 2019); *Miller v. Astellas US LLC*. No. 20 C 3882, 2021 WL 1387948 (N.D. Ill. Apr. 13, 2021); *McGinnes v. FirstGroup Am., Inc.*, No. 1:18-CV-326, 2021 WL 1056789 (S.D. Ohio Mar. 18, 2021); *Turner v. Schneider Elec. Holdings, Inc.*, No. CV 20-11006-NMG, 2021 WL 1178308 (D. Mass. Mar. 26, 2021). Each case arises from allegations that defendant fiduciaries breached the duties imposed by ERISA by replacing well-established investments in a retirement savings plan with Aon Hewitt trusts. *See id.* Each opinion rules on a motion to dismiss. *Id.* None of the four decisions are binding on this Court, and each case has factual or procedural differences. However, the allegations in these four cases are so similar to the case *sub judice* that the cases provide particularly persuasive authority.

> **(D)** in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.

29 U.S.C.A. § 1104(a)(1).  To state a claim for a breach of an ERISA fiduciary duty, a plaintiff must plausibly allege that a fiduciary breached a duty, causing a loss to the employee benefit plan. *Stegemann v. Gannett Co., Inc.*, 970 F.3d 465, 473 (4th Cir. 2020).

**A. Plaintiffs state a claim for breach of the duty of prudence against AHIC in count one.**

AHIC argues Plaintiffs fail to plausibly allege AHIC breached its fiduciary duty of prudence. In considering a breach of duty of prudence claim, the court focuses on the decision-making process and how a prudent decision maker would act considering the information available to the fiduciary at the time he or she makes a decision.  *DiFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 418, 420 (4th Cir. 2007).  For this reason, "an investment's diminution in value [after it was chosen] is neither necessary, nor sufficient, to demonstrate a violation of a fiduciary's ERISA duties." *Id.* Plaintiffs contend the following allegations support a plausible inference of imprudence: (1) AHIC benefitted directly and indirectly when it chose to invest the Plan in its affiliated Aon Trusts, creating a significant conflict of interest; (2) despite the conflict of interest, AHIC failed to undertake an independent investigation of investment options available in the market before deciding to use its own products; (3) AHIC hired an inexperienced manager without a meaningful track record and the Aon Trusts were newly created with insufficient performance history.  [ECF No. 60, pp.17-18].

AHIC argues the Plaintiffs' claim of imprudence in count one cannot lie against AHIC because the claim is based on a hindsight-driven view of the poor performance of the investment selections rather than an allegation AHIC's process was deficient.  [ECF No. 46, p.11].  It is true the test of prudence is one of conduct, not one of the performance of the investment. *Bunch v. W.R. Grace*

& Co., 555 F.3d 1, 7 (1st Cir. 2009).  But the complaint in this case does more than "ask the Court to infer that AHIC's process was deficient merely from the investment selections themselves, contending with the unerring benefit of hindsight that the Aon Funds performed so poorly relative to available alternatives that no prudent fiduciary could have possibly selected them."  [ECF No. 46, p.11].  Plaintiffs allege AHIC failed to undertake an adequate investigation of the available investment options and instead jumped to the preordained result that it would purchase its own affiliated Aon Trusts.  [ECF No. 1, ¶¶44-45].  Even where a plaintiff does not directly address the process by which a plan is managed, "a claim alleging a breach of fiduciary duty may still survive a motion to dismiss if the court, based on circumstantial factual allegations, may reasonably infer from what is alleged that the process was flawed."  *Moreno v. Deutsche Bank Ams. Holding Corp.*, No. 15 Civ. 9936, 2016 WL 5957307, at *5-6 (S.D.N.Y. Oct. 13, 2016).  The complaint in this case plausibly alleges a flawed process, not just a flawed outcome.

AHIC goes on to argue that, even if a fiduciary's prudence could be assessed through hindsight comparison of returns, Plaintiffs' comparisons are inapt and uninformative.  [ECF No. 46, p.11].  First, the Court repeats its finding that Plaintiff relies on more than retroactive comparisons of performance, criticizing the process as well as the outcome.  This renders AHIC's attack on the aptitude of Plaintiffs' comparisons a non-starter at the motion to dismiss stage.  While AHIC is correct that performance comparisons between different funds that differ in investment strategy and asset allocation are unavailing, *Davis v. Washington University in St. Louis*, 960 F.3d 478, 486 (8th Cir. 2020), factual disputes regarding the aptness of such comparisons are inappropriate to resolve on a Rule 12(b)(6) motion, *Miller*, 2021 WL 1387948, at *5.  The Court finds Plaintiffs state a claim that AHIC breached the duty of prudence by selecting its own unproven Aon Trusts for the Plan without sufficient independent deliberation.  *See Turner*, 2021 WL 1178308 (holding

that plaintiffs stated a claim for breach of the duty of prudence where plaintiffs alleged AHIC chose its proprietary funds through a process tarnished by its desire to promote its new funds and benefit itself); *Pledger v. Reliance Trust Co.*, 240 F. Supp. 3d 1314, 1326-27 (N.D. Ga. 2017) (holding an allegation that a fiduciary chose investment options with poor performance histories as opposed to other better performing alternatives states a claim for fiduciary breach when there is also an allegation that the choice benefitted one or more corporate or fiduciary interests over those of the plan); *Miller*, 2021 WL 1387948, at *5 (holding the following allegations, taken together, plausibly alleged AHIC violated the duties of prudence and loyalty: (1) the Aon CITs are affiliated with Aon, and thus Aon had a "significant conflict of interest" because it would benefit from having Plan assets as "seed money" for its investment-management business; (2) Aon was an inexperienced investment manager and the Aon CITs had less than five years of performance history; and (3) prior to their inclusion in the Plan, the Aon CITs underperformed the comparable mutual funds that they replaced). Plaintiffs state a claim against AHIC for breach of the duty of prudence in count one.

**B. Plaintiffs state a claim for breach of the duty of loyalty against AHIC in count one.**

AHIC argues the complaint sets forth no plausible basis for claiming AHIC's decision to include the Aon Trusts in the Plan's lineup was motivated by anything other than the interests of the Plan. [ECF No. 46, p.30]. The duty of loyalty requires that ERISA fiduciaries "make any decisions in a fiduciary capacity with an eye single to the interests of the participants and beneficiaries." *DiFelice*, 497 F.3d at 418–19. To state a claim for breach, a plaintiff must allege facts that permit a plausible inference that the defendant engaged in transactions involving self-dealing or otherwise involve or create a conflict of interest between the trustee's fiduciary duties. *Reetz*, 2019 WL 4233616, at *5.

11

AHIC argues it could not have breached the duty of loyalty because, under the terms of the IMA[3], it was entitled to no more and no less than its negotiated fee for acting as the delegated fiduciary whether the Plan invested in the Aon Trusts or some other funds. [ECF No. 46, p.31]. Further, the IMA expressly provided that, if AHIC chooses to include an Aon Trust in the Plan's lineup, AHIC's fee for acting as a delegated fiduciary "shall be offset by any fees that AHIC receives for the consulting services that it performs for an Affiliated Collective Trust." [ECF No. 46-1, p.24]. Based on the terms of the IMA, AHIC argues that its decision to offer the Aon Trusts could not have resulted in a penny of additional compensation for AHIC beyond its contractually determined delegated fiduciary fee. [ECF No. 46, p.31]. Accordingly, AHIC argues, Plaintiffs cannot plausibly allege AHIC engaged in self-dealing or otherwise created a conflict between its fiduciary duties and its personal interests. *Id.*

Plaintiffs do not dispute the terms of the IMA but contend that, even if AHIC did not derive a direct increase in its compensation from choosing to include Aon trusts in the Plan's lineup, other benefits drove the decision. *See* [ECF No. 60, p.22]. First, as AHIC acknowledges ATC, a banking affiliate of AHIC receives a small amount of compensation for its service as the trustee for the Aon Trusts. [ECF No. 46, p.31]. Even if this benefit is too nominal or indirect to support the breach of loyalty claim, it is not the only benefit alleged. Plaintiffs contend that AHIC chose to include Aon Trusts in the Plan's lineup because it bolstered AHIC's investment management business, provided seed money it could use for its own benefit, and enhanced the marketability of its new funds. [ECF No. 1, ¶¶52-53, 143]. These allegations are sufficient to plausibly allege a breach of the duty of loyalty. *See Miller*, 2021 WL 1387948, at *6 (holding the same allegations sufficed to

---

[3] The IMA (AHIC's Exhibit 1) is one of the external documents the Court found proper for consideration on a Rule 12(b)(6) motion.

state a claim for breach of the duty of loyalty against AHIC); *Turner*, 2021 WL 1178308, at *4 (same). Plaintiffs state a claim against AHIC for breach of the duty of loyalty in count one.

### C. Plaintiffs state a claim for breach of the duty of prudence against the Centerra Defendants in count one but fail to state a claim for breach of the duty of loyalty.

The Centerra Defendants argue count one should be dismissed against them because they delegated sole responsibility for selecting and retaining the Aon Trusts to AHIC. [ECF No. 46, pp.9-10]. Plaintiffs contend, citing *Howell v. Motorola, Inc.*, 633 F.3d 552, 573 (7th Cir. 2011), that the Centerra Defendants "cannot escape liability by passing the buck to another person and then turning a blind eye." [ECF No. 59, pp.12-13].

ERISA allows plan trustees to appoint an investment manager to administer the assets of a plan. 29 U.S.C. § 1102(c)(3). ERISA also provides a safe harbor provision. Once an investment manager has been properly appointed, the plan trustees cannot be liable for its acts or omissions, nor are the plan trustees under an obligation to invest or otherwise manage any asset of the plan which is subject to the management of the investment manager. 29 U.S.C. § 1105(d). However, the safe harbor is not absolute. *Willett v. Blue Cross & Blue Shield of Ala.*, 953 F.3d 552, 573 (7th Cir. 2011).

Despite the safe harbor provision and delegation of authority, the Centerra Defendants retained a duty to monitor AHIC as investment manager. *See Coyne v. Delany Co. v. Selman*, 98 F.3d 1457, 1466 (holding that the power to appoint, retain, and remove plan fiduciaries carries with it a duty "to monitor appropriately" those subject to removal). The parties do not dispute the existence of certain Centerra Defendants' duty to monitor AHIC. [ECF No. 48, p.10]; [ECF No. 59, pp.12-13]. However, to the extent count one is based on the Centerra Defendants' duty to monitor, it is duplicative of count four, and the Court will analyze the allegations pertaining to the duty to

monitor in its discussion of count four. *See Miller*, 2021 WL 1387948, at \*7 (making the same distinction).

If count one states a claim against the Centerra Defendants despite their delegation of authority, it must do so based on safe harbor exceptions separate from the duty to monitor. 29 U.S.C. § 1105(d) protects plan trustees against liability for an investment manager's actions, but it does not protect plan trustees against liability for their own actions. 29 U.S.C. § 1105(d)(2); *McGinnes*, 2021 WL 1056789, at \*11. Thus, safe harbor exceptions include instances where the named fiduciary violates the duties in section 1104(a)(1) through its own acts of (1) allocating fiduciary responsibilities or designating persons to carry out fiduciary responsibilities; (2) establishing or implementing the procedures for such allocation or designation; or (3) continuing such allocation or designation. 29 U.S.C. § 1105(c)(2)(A)(i)-(iii). It also includes instances where the named fiduciary incurs co-fiduciary liability when it (4) participates knowingly in, or knowingly undertakes to conceal, an act or omission of another fiduciary, knowing such act or omission is a breach; (5) enables another fiduciary to commit a breach by his failure to comply with section 1104(a)(1) in the administration of his fiduciary responsibilities; or (6) has knowledge of a breach by another fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

In *Miller*, the court dismissed the plaintiffs' breach of fiduciary claim related to the selection and retention of Aon Trusts against the Astellas defendants[4] because the Astellas defendants delegated the duty to select and retain Aon Trusts to AHIC. 2021 WL 1387948, at \*7. The court reasoned that, setting aside the duty to monitor, Plaintiffs failed to allege the Astellas defendants

---

[4] In *Miller*, the Astellas defendants were similarly situated to the Centerra Defendants in this case. The Astellas Defendants were the Plan's named fiduciary and its agents who delegated discretionary investment authority to AHIC. *Miller*, 2021 WL 1387948, at \*2.

were liable as co-fiduciaries based on the § 1105(a) exceptions.  The court held the plaintiffs'
allegations that the Astellas defendants knew of, participated in, or partnered with AHIC's breach
were too vague to state a claim.  *Id.*

On the other hand, in *McGinnes*, the court held the plaintiffs stated a claim against the
FirstGroup defendants[5] for breach of fiduciary duty related to the selection and retention of Aon
trusts.  2021 WL 1056789, at *11.  The plaintiffs did not allege the FirstGroup defendants decided
to appoint AHIC as the Plan's investment manager, and then AHIC, of its own accord, decided to
overhaul the Plan's investment menu.  *Id.*  Instead, the plaintiffs alleged the FirstGroup defendants
actively participated in the decision to overhaul the Plan's investment menu.  *Id.*  Because the safe
harbor provision did not protect FirstGroup from liability for its own actions, the court found the
plaintiffs stated a claim against FirstGroup.  *Id.*  The court also found plaintiffs plausibly alleged
co-fiduciary liability under § 1105(a)(2) for FirstGroup's failure to comply with section 1104(a)(1)
resulting in another fiduciary's breach.  *Id.* at n.13.

Here, Plaintiffs allege the Centerra Defendants agreed that AHIC could exclusively consider
its own funds rather than requiring AHIC to consider all prudent investments available to the Plan
to objectively determine which options would best serve the interests of the plan participants.
[ECF No. 59, p.20].  This amounts to an allegation that the Centerra Defendants' imprudence
enabled AHIC to commit a breach, conduct excluded from safe harbor by 29 U.S.C. § 1105(a)(5).
Further, Plaintiffs allege the Centerra Defendants allowed an inexperienced investment manager
to replace established and well-performing Plan investments.  [ECF No. 59, p.20].  This amounts

---

[5] In *McGinnes*, the FirstGroup defendants were similarly situated to the Centerra Defendants in
this case (and the Astellas defendants in *Miller*).  The FirstGroup defendants were the Plan's
named fiduciary and its agents who delegated discretionary investment authority to AHIC.
*McGinnes*, 2021 WL 1056789, at *2.

to an allegation that the Centerra Defendants were imprudent in designating persons to carry out fiduciary responsibilities, conduct excluded from safe harbor by. 29 U.S.C. § 1105(c)(2)(A)(i). These allegations are sufficient to state a claim against the Centerra Defendants in count one for breach of the duty of prudence. *See Reetz*, 2019 WL 4233616, at *6 (allowing duty of prudence claim to proceed against Lowe's under similar allegations); *Turner*, 2021 WL 1178308, at *4 (same against Schneider Defendants).

The complaint fails, however, to plausibly allege a breach of the duty of loyalty against the Centerra Defendants in count one. The allegations—outside of the duplicative duty to monitor allegations—all relate to prudence, not loyalty. *See* [ECF No. 59, pp.21-22]. To the extent Plaintiffs contend the alleged imprudence discussed previously stemmed from disloyal motives, this is insufficient to state a plausible claim.

In *Reetz*, the court held that a breach of duty of loyalty claim could proceed against Lowe's because AHIC had an established, long-term working relationship with Lowe's, which included AHIC providing advice on executive compensation. *Reetz*, 2019 WL 4233616, at *5. The complaint permitted an inference that Lowe's may have wanted to curry favor with AHIC based on this relationship. *Id.* Similarly, in *McGinnes*, the court found the FirstGroup Defendants investment decision was made with an eye toward benefitting AHIC because of their existing business relationship. *McGinnes*, 2021 WL 1056789, at *9.

Unlike the complaints in *Reetz* and *McGinnes*, here, the complaint lacks an allegation that the Centerra Defendants were disloyal rather than just imprudent. Plaintiffs fail to plausibly identify any interest the Centerra Defendants placed before the interests of the participants and beneficiaries. Instead, like the plaintiffs in *Turner*, Plaintiffs state a claim against the Centerra Defendants for imprudence, but the "Plaintiffs' [duty of loyalty] allegations . . . do not rise above

speculation and merely raise the 'sheer possibility' that [defendants] acted unlawfully, which is insufficient to state a claim." *Turner*, 2021 WL 1178308, at *4. The Centerra Defendants' motion to dismiss, ECF No. 48, will be denied as to the duty of prudence claim in count one but granted as to the duty of loyalty claim. Because the Court sees no reason to distinguish Defendant Ricci from the other Centerra Defendants for purposes of count one, her motion to dismiss, ECF No. 49, will also be denied as to the duty of prudence claim in count one but granted as to the duty of loyalty claim.

## II. Count two: breach of fiduciary duties against the Centerra Defendants for paying allegedly excessive recordkeeping and administrative fees

Plaintiffs allege the Centerra Defendants breached their fiduciary duties by causing the Plan to pay unreasonable recordkeeping fees to the Plan's recordkeeper, Voya. [ECF No. 1, ¶150]. The Centerra Defendants argue Plaintiffs fail to state a claim because Plaintiffs base their claim on inaccurate data, fail to identify an alternative recordkeeper that a prudent fiduciary would have selected, and because Centerra's review of recordkeeping fees was reasonable. [ECF No. 48, p.13].

Fiduciaries of an ERISA plan are responsible for monitoring the prudence of each investment available to plan participants. *DiFelice*, 497 F.3d at 423. District courts in the Fourth Circuit have held that a plaintiff can state an excessive fees claim for breach of fiduciary duty under ERISA by alleging plan fiduciaries utilized imprudently expensive investment options. *Kruger v. Novant Health, Inc.*, 131 F. Supp. 3d 470, 478 (M.D.N.C. 2015); *Johnson v. Duke Energy Corp.*, No. 320CV00528RJCDSC, 2021 WL 828480, at *3 (W.D.N.C. Mar. 4, 2021).

Here, Plaintiffs allege the Centerra Defendants caused the Plan to pay excessive recordkeeping and administrative fees because they failed to follow prudent practices used by similarly situated fiduciaries: they did not solicit competitive bids from other providers; failed to monitor the amount

of the Plan's recordkeeping fees, including asset-based payments from the Plan's investments; allowed the recordkeeper's total compensation to increase while services did not; and failed to leverage the Plan's size to obtain lower fees.  [ECF No. 1, ¶¶123-34].  As a result, Plaintiffs allege, the Plan vastly overpaid compared to what similarly sized plans paid for substantially identical recordkeeping services.  *Id.* at ¶¶130-31.  The Court finds these allegations are sufficient to state a claim for breach of the duty of prudence related to the recordkeeping fees.  *See Turner*, 2021 WL 1178308, at *6 (allowing an imprudence claim based on recordkeeping fees to proceed based on substantially similar facts); *Miller*, 2021 WL 1387948, at *8 (same).

The Centerra Defendants' argument that count two is based on inaccurate data is unavailing at this stage in the proceedings because it relies on extrinsic documents that the court has excluded in considering this Rule 12(b)(6) motion.  The extrinsic documents are disputed by Plaintiffs and not integral to the complaint.  The argument, as briefed by the Centerra Defendants, is a matter for summary judgment.  Similarly, the argument that the Centerra Defendants' conduct was objectively reasonable and prudent goes to the merits and is misplaced at this early stage.  *Sweda v. Univ. of Pennsylvania*, 923 F.3d 320, 333 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 2565, 206 L. Ed. 2d 496 (2020).  Finally, the Centerra Defendants, relying on *Divane v. Northwestern University*, 953 F.3d 980 (7th Cir. 2020), contend the claim in count two fails because Plaintiffs fail to identify the specific services Voya provided nor do they identify a single alternative recordkeeper who would have provided the specific services Voya provided for a lower price.  [ECF No. 48, p.13].  Plaintiffs do, however, purport to identify several alternative recordkeepers that serviced similarly sized plans at a lower cost.  [ECF No. 1, ¶130].  The Centerra Defendants contend these comparisons are inapt, making the allegations insufficient.  [ECF No. 48, p.13].  However, that question is also properly addressed on summary judgment as Plaintiffs' allegations

are to be accepted as true at this stage.  Plaintiffs' claim that the Centerra Defendants breached their duty of prudence by paying allegedly excessive recordkeeping and administration fees may proceed.

Plaintiffs, however, do not state a claim that the Centerra Defendants breached their duty of loyalty by paying allegedly excessive recordkeeping and administration fees.  The complaint is devoid of any specific allegations regarding the Centerra Defendants' self-serving motive as it relates to fees.  Even drawing all reasonable inferences in favor of Plaintiffs, the complaint lacks any plausible allegation that the Centerra Defendants acted to benefit themselves or AHIC through their payments to Voya.  Accordingly, the claims in count two alleging a breach of the duty of loyalty are dismissed.  *See Turner*, 2021 WL 1178308, at *5 (reaching the same conclusion).  The Centerra Defendants' motion to dismiss, ECF No. 48, will be granted with respect to any claim arising from a breach of the duty of loyalty in count two, but otherwise denied.  Because the Court sees no reason to distinguish Defendant Ricci from the other Centerra Defendants for purposes of count two, her motion to dismiss, ECF No. 49, will also be granted as to the duty of loyalty claim in count two but otherwise denied.

## III.    Count three: engaging in prohibited transactions against all Defendants

Plaintiffs allege AHIC engaged in prohibited transactions between a plan and a fiduciary in violation of 29 U.S.C. § 1006(b).  Plaintiffs also allege the Centerra Defendants engaged in prohibited transactions between a plan and a party in interest in violation of 29 U.S.C. § 1106(a).  "In addition to the general fiduciary standards imposed by § 1104, Congress also prohibited fiduciaries from engaging in certain specified conduct, including transferring assets of a plan to a party in interest, dealing with assets for their own account, and acting in any capacity in a

transaction involving the plan on behalf of a party whose interests are adverse to the plan." *Sutton v. Weirton Steel Div. of Nat. Steel Corp.*, 724 F.2d 406, 411 (4th Cir. 1983).

**A. Plaintiffs state a claim in count three against AHIC only as it relates to investment in the Aon Trusts.**

In the complaint, Plaintiffs allege AHIC violated 29 U.S.C. 1106(b) when it (1) caused the Plan to pay Plan assets to AHIC to cover its investment management fees and (2) when it caused the Plan to invest in the Aon Trusts. [ECF No. 1, ¶157]. AHIC argues count three must be dismissed because (1) AHIC was not the fiduciary responsible for approving its compensation as investment manager and (2) AHIC's investment in the Aon Trusts is expressly permitted by the exemption in 29 U.S.C. § 1108(b)(8). [ECF No. 46, p.34].

On the first point, the Court agrees. It is clear from Plaintiffs' allegations that AHIC did not act as a fiduciary when negotiating its own fees as investment manager with the Plan. In their response in opposition, Plaintiffs do not even argue that AHIC was the Plan's fiduciary as it relates to the payment of its fees as investment manager. *See* [ECF No. 36, p.29]. Therefore, Plaintiffs fail to state a prohibited-transactions claim against AHIC to the extent the claim is premised on the payment of Plan assets to AHIC. *See Turner*, 2021 WL 1178308, at *9 (dismissing identical claim against AHIC); *Miller*, 2021 WL 1387948, at *9 (same).

As for the statutory exemption, the Court cannot dismiss count three on that basis at this early stage in the litigation. The exemption in 29 U.S.C. § 1108 is an affirmative defense, for which AHIC bears the burden of proof. *Elmore v. Cone Mills Corp.*, 23 F.3d 855, 864 (4th Cir. 1994). Generally, a plaintiff need not anticipate defenses, nor preemptively include averments to "plead around" an expected defense. *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1987, 198 L. Ed. 2d 527 (2017). But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under

Rule 12(b)(6). *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint*." *Richmond, Fredericksburg & Potomac R.R. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993) (emphasis added); *accord Desser v. Woods,* 266 Md. 696, 296 A.2d 586, 591 (1972).

Here, one element of the statutory exemption is: "the bank, trust company, or insurance company receives not more than reasonable compensation." 29 U.S.C. § 1108(8)(B). The complaint does not allege that AHIC's compensation was reasonable. Accordingly, this case does not present the "rare circumstances" where all facts necessary to the affirmative defense "clearly appear on the face of the complaint." *Goodman*, 494 F.3d at 464; *Forst,* 4 F.3d at 250. The Court will not dismiss count three based on the statutory exemption. Accordingly, AHIC's motion to dismiss will be granted insofar as count three relates to the allegation that AHIC caused the Plan to pay Plan assets to AHIC, but it will otherwise be denied.

### B. Plaintiffs state a claim in count three against the Centerra Defendants only as it relates to engaging AHIC as investment manager.

To state a claim under 29 U.S.C. 1106(a), a plaintiff must allege (1) the defendant is a fiduciary, (2) the defendant caused the plan to engage in one of the prohibited transactions, (3) the transaction was between the plan and a party in interest or involved plan assets, and (4) the defendant knew or should have known that the transaction was prohibited. *Feinberg v. T. Rowe Price Grp., Inc.*, No. CV MJG-17-0427, 2018 WL 3970470, at *10 (D. Md. Aug. 20, 2018).

First, the Centerra Defendants argue count three must be dismissed because it is wholly derivative of count one, which must be dismissed. [ECF No. 48, p.14]. Because the Court will allow count one to proceed against the Centerra Defendants, this argument is unavailing. Next, the Centerra Defendants argue count three must be dismissed because (1) AHIC was not yet a

"party in interest" when Centerra engaged AHIC as investment manager and (2) the Centerra Defendants did not "cause" AHIC to invest in the Aon Trusts   *Id.*

Plaintiffs allege two transactions were prohibited by 29 U.S.C. § 1106(a): (1) Centerra engaging AHIC as investment manager to the Plan and (2) "causing" the Plan to invest in the Aon Trusts.  [ECF No. 1, ¶¶155-160].  As for the Centerra Defendants' decision to engage AHIC as investment manager to the Plan, the complaint sufficiently alleges AHIC was a party in interest when this agreement was executed.  29 U.S.C. § 1002(14)(B) provides that a person providing services to a plan is a "party in interest."  In the complaint, Plaintiffs allege "[AHIC] is a party in interest because it was a Plan fiduciary, and an entity who provided services to the Plan."  [ECF No. 1, ¶158].  In their memorandum opposing dismissal, Plaintiffs show AHIC provided investment consulting services to the Plan before executing the IMA.  [ECF No. 59, p.17].  Plaintiffs cite to the Centerra Defendant's Exhibit 2[6] (the July 15, 2015 consulting letter agreement) and AHIC's Exhibit 1 (the IMA) to establish that AHIC was providing investment consulting services to the Plan before Centerra engaged AHIC as investment manager.  Therefore, according to the complaint, AHIC was not an "unrelated" party, as the Centerra Defendants argue.  [ECF No. 48, p.15].  Accordingly, Plaintiffs plausibly allege AHIC was a party in interest at the relevant time for purposes of § 1106(a).  *See Miller*, 2021 WL 1387948, at *10 (reaching the same conclusion); *Turner*, 2021 WL 1178308, at *7 (same).

As for the allegation that the Centerra Defendants "caused" the Plan to invest in in the Aon Trusts, the Court finds Plaintiffs fail to state a claim.  The Centerra Defendants persuasively argue, "the only transaction Centerra 'caused' was AHIC's appointment as Plan investment manager. . ."

---

[6] The letter (the Centerra Defendants' Exhibit 2) is one of the external documents the Court found proper for consideration on a Rule 12(b)(6) motion.

[ECF No. 48, p.15]. Plaintiffs contend the Centerra Defendants "caused" AHIC to invest in the Aon trusts because the Centerra Defendants expressly allowed AHIC to use exclusively its proprietary investments and agreed that AHIC did not have to consider non-proprietary investments. [ECF No. 59, pp.16-17]. The *Miller* court found, and this Court agrees, that Plaintiffs' theory of causation is too attenuated. 2021 WL 1387948, at *10. The allegations in the complaint do not allow a reasonable inference that the Centerra Defendants "caused" the selection of the Aon Trusts. Accordingly, the Centerra Defendants' motion to dismiss will be granted as to count three only to the extent count three is premised on the Centerra Defendants causing the Plan to invest in the Aon Trusts.[7] Because the Court sees no reason to distinguish Defendant Ricci from the other Centerra Defendants for purposes of count three, her motion to dismiss, ECF No. 49, will also be granted only to the extent count three is premised on the Centerra Defendants causing the Plan to invest in the Aon Trusts.

## IV.    Count four: failure to monitor against the Centerra Defendants

Plaintiffs allege the Centerra Defendants breached their duty to monitor the conduct of AHIC. The power to appoint, retain, and remove plan fiduciaries carries with it a duty "to monitor appropriately" those subject to removal. *Coyne & Delany Co.*, 98 F.3d at 1465. The duty to monitor does not include an obligation to examine every action taken by the appointed fiduciaries. *Leigh v. Engle*, 727 F.2d 113, 135 (7th Cir. 1984). Instead, the duty to monitor requires a party that appoints a fiduciary to take prudent and reasonable action to determine whether the appointed fiduciary is fulfilling its fiduciary obligations. *Id.*

---

[7] The Centerra Defendants also seem to argue that the 29 U.S.C. 1108(b)(8) permits Centerra's retention of AHIC as investment manager. [48, p.16]. For the same reasons the Court declines to dismiss count three against AHIC based on the statutory exemption, it declines to dismiss count three against the Centerra Defendants and Defendant Ricci on these grounds.

The Centerra Defendants advance two arguments for dismissal of count four: (1) the claim is entirely derivative of count one, which fails as a matter of law and (2) Plaintiffs fail to plead any facts about the monitoring process Centerra utilized, nor do they plead any facts plausibly showing that process failed to comply with ERISA.  [ECF No. 48, p.17].  The Court did not dismiss the breach of fiduciary duty claim in count one that underlies the failure to monitor claim. Accordingly, the first argument is not persuasive.

Next, the Centerra Defendants argue Plaintiffs fail to allege facts showing specific deficiencies with their monitoring process.  [ECF No. 48, p.18].  The Centerra Defendants' cited authority does not support such a high pleading standard for a failure to monitor claim.  In *Romero v. Nokia, Inc.*, the United States District Court for the Northern District of California held the plaintiff failed to state a duty to monitor claim because the plaintiff failed to state an underlying imprudence claim against a monitored party *and* failed to allege facts about the monitoring process that could independently support a failure to monitor claim.  No. C 12-6260 PJH, 2013 WL 5692324, at *5 (N.D. Cal. Oct. 15, 2013).  The Court reasoned that the plaintiff styled the complaint so that the duty to monitor claim was dependent on an underlying imprudence claim.  *Id.*  The Court found the plaintiff's underlying imprudence claim failed and—in the absence of facts showing specific deficiencies in the monitoring process—the duty to monitor claim could not survive without the underlying imprudence claim.  *Id.*  Here, the Court found Plaintiffs stated an underlying imprudence claim against AHIC in count one.  Accordingly, independent facts showing specific deficiencies in the monitoring process are not required to state a claim in count four against the Centerra Defendants.

*In re Nokia Erisa Litigation* is unhelpful to the Centerra Defendants for the same reason.  No. 10 CV 03306, 2011 WL 7310321, at *5 (S.D.N.Y. Sept. 6, 2011).  In *Nokia*, the United States

District Court for the Southern District of New York found the plaintiffs failed to state a duty to monitor claim because they failed to "sufficiently allege an antecedent breach of a fiduciary duty by the monitored parties. . ." *Id.* Again, the Plaintiffs here sufficiently alleged an antecedent breach of fiduciary duty against AHIC: the monitored party. Neither case supports the pleading standard the Centerra Defendants suggest.

Plaintiffs need only allege facts that allow the Court to infer the Centerra Defendants breached their duty to take prudent and reasonable action in determining whether AHIC was fulfilling its fiduciary obligations. *Coyne & Delany Co.*, 98 F.3d at 1465; *Leigh*, 727 F.2d at 135. They have done so here. In count one, Plaintiffs plausibly alleged AHIC breached its fiduciary duties. In count four, Plaintiffs allege the Centerra Defendants failed to take various monitoring actions within their authority, allowing AHIC's imprudent and disloyal conduct to cost the Plan a significant amount in losses. [ECF No. 1, ¶¶165-66]. This is sufficient to state a failure to monitor claim against the Centerra Defendants. *See Miller*, 2021 WL 1387948, at *10; *McGinnes*, 2021 WL 1056789, at *13; *Turner*, 2021 WL 1178308, at *7.

The Centerra Defendants also criticize the complaint for treating them collectively in count four instead of distinguishing the Committee from Centerra. [ECF No. 73, p.16]. According to the Centerra Defendants, the Committee had a duty to monitor AHIC, but Centerra did not. *Id.* However, this argument is raised for the first time in the Centerra Defendants' reply brief. *Id.* The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered. *United States v. Williams,* 445 F.3d 724, 736 n. 6 (4th Cir. 2006); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). The power to decline consideration of such arguments is discretionary, and the Court chooses to exercise that discretion here. *See United States v. Head,* 340 F.3d 628, 630 n.4 (8th Cir. 2003).

Had the Centerra Defendants raised the argument in their motion to dismiss, Plaintiffs would have had an opportunity to respond on the issue. Instead, faced with a motion filed by all the Centerra Defendants that did not distinguish the Committee from Centerra, Plaintiffs responded by treating the Centerra Defendants collectively. To allow the Centerra Defendants to raise this issue in their reply brief would deprive Plaintiffs of the opportunity to brief the issue through no fault of their own. The Court therefore declines to consider the argument.

The Centerra Defendants' motion to dismiss will be denied as to count four. Because the Court sees no reason to distinguish Defendant Ricci from the other Centerra Defendants for purposes of count four, her motion to dismiss will also be denied as to count four.

## CONCLUSION

The Centerra Defendants' motion to dismiss, ECF No. 48, is GRANTED as to the duty of loyalty claim in count one, the duty of loyalty claim in count two, and to the extent count three is premised on the Centerra Defendants causing the Plan to invest in the Aon Trusts but otherwise DENIED. Defendant Ricci's motion to dismiss, ECF No. 49, is GRANTED as to the duty of loyalty claim in count one, the duty of loyalty claim in count two, and to the extent count three is premised on the Centerra Defendants causing the Plan to invest in the Aon Trusts but otherwise DENIED. AHIC's motion to dismiss, ECF No. 46, is GRANTED insofar as count three relates to the allegation that AHIC caused the Plan to pay Plan assets to AHIC but otherwise DENIED.

IT IS SO ORDERED.

/s/Sherri A. Lydon
September 16, 2021                         Sherri A. Lydon
Florence, South Carolina                  United States District Judge