IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Shawn Williams, David Green, Jamie Coomes, Malcum Kenner, and Andrew Barrett, *individually and as representatives of a class of participants and beneficiaries on behalf of the Centerra Group, LLC 401(k) Plan (aka the Constellis 401(k) Plan)*,<br><br>Plaintiffs,<br><br>v.<br><br>CENTERRA GROUP, LLC; THE BENEFIT PLAN COMMITTEE OF THE CENTERRA GROUP, LLC; THE INVESTMENT COMMITTEE OF THE CENTERRA GROUP, LLC; AON HEWITT INVESTMENT CONSULTING, INC. (NKA AON INVESTMENTS USA, INC.); PAUL P. DONAHUE; DEBORAH F. RICCI; MARCIA ALDRICH; AND JOHN DOES 1– 10;<br><br>Defendants. | Case No.: 1:20-cv-04220-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendant Aon Hewitt Investment Consulting, Inc.'s (AHIC's) motion to seal document, ECF No. 47. AHIC moves the Court for leave to file redacted versions of the following: (1) Exhibit 1 to the February 22, 2021 Declaration of William D. Pollack, Esq. in support of AHIC's motion to dismiss (the "Pollack Declaration") and (2) AHIC's memorandum of law in support of its motion to dismiss (the "Memorandum"). In accordance with Local Civil Rule 5.03, AHIC filed unredacted versions of both documents under seal for *in camera* review. The other defendants support the motion to seal. Plaintiffs oppose the motion and

1

responded in opposition, ECF No. 52.  AHIC replied to Plaintiffs' response, ECF No. 53.  The motion is ripe for ruling.

Exhibit 1 to the Pollack Declaration is the Investment Management Agreement ("IMA") between AHIC and the Centerra Defendants effective January 1, 2016.  AHIC wishes to redact certain terms and conditions of the IMA.  AHIC also wishes to redact the portions of the Memorandum that reference certain terms and conditions of the IMA.

## DISCUSSION

The right of public access to judicial records and documents derives from two sources: The First Amendment and the common law.  *Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir.2004).  The more rigorous First Amendment standard applies to attachments to dispositive motions.  *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, No. 1:09CV471, 2014 WL 2607364, at *4 (M.D.N.C. June 11, 2014); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

Here, AHIC attached the IMA to its dispositive motion to dismiss and cites certain terms of the IMA in its memorandum in support of its motion to dismiss.  AHIC argues that it does not rely on the redacted terms in the IMA but on the structure of the agreement.  [ECF No. 53, p.3]. Nevertheless, "[o]nce documents are made part of a dispositive motion. . . they lose their status of being raw fruits of discovery . . ." and the First Amendment standard applies.  *Rushford*, 846 F.2d at 253.  The Court evaluates AHIC's motion to seal under the First Amendment standard.

Under the First Amendment standard, denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest.  *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 510 (1984); *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 607 (1982); *In re Washington Post Co.*, 807 F.2d 383, 389 (4th Cir.1986).  AHIC fails to meet that

2

standard. AHIC argues its terms and conditions are confidential and are not available to its competitors or third parties. [ECF No. 53, p.3]. This does not constitute a compelling government interest. AHIC cites several cases in support of its contention that this information merits protection against public disclosure. *See id.* at 2. However, none of the cases cited by AHIC applied the First Amendment standard to similar information and found a compelling government interest. The Court finds AHIC fails to demonstrate a compelling government interest. *See also Miller v. Astellas US LLC,* No. 20 C 3882, 2021 WL 1387948, at *4 (N.D. Ill. Apr. 13, 2021) (denying a motion to seal the IMA and supporting memorandum).

Having found AHIC fails to demonstrate a compelling government interest for sealing the information at issue, their efforts to narrowly tailor the redactions are not relevant. The Court recognizes that AHIC seeks only to redact portions of the documents rather than sealing them in their entirety. The Court also recognizes the documents are available in full to the Plaintiffs and absent class members. However, in the absence of a compelling government interest, any denial of public access in this case, no matter how minimal, must be denied.

## CONCLUSION

For the reasons set forth above, AHIC's motion to seal document, ECF No. 47 is DENIED. AHIC is directed to file a publicly available version of the IMA and its memorandum in support of its motion to dismiss by October 1, 2021.

IT IS SO ORDERED.

September 16, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge