IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Shawn Williams, David Green, Jamie Coomes, Malcum Kenner, and Andrew Barrett, *individually and as representatives of a class of participants and beneficiaries on behalf of the Centerra Group, LLC 401(k) Plan (nka the Constellis 401(k) Plan)*, <br><br>     Plaintiffs,<br><br>v.<br><br>Centerra Group, LLC; The Benefit Plan Committee of the Centerra Investment Group, LLC; The Investment Committee of the Centerra Group, LLC; AON Hewitt Investment Consulting, Inc. (nka Aon Investments USA, Inc.); Paul P. Donahue; Deborah F. Ricci; Marcia Aldrich; and John Does 1–10;<br><br>     Defendants. | Case No.: 1:20-cv-04220-SAL<br><br><br>**OPINION & ORDER** |

 This matter is before the court on the Centerra Defendants' motion to strike Plaintiffs' demand for a jury trial pursuant to Rule 39(a)(2) (the "Motion"). [ECF No. 55.] Defendant AHIC joins in the Centerra Defendants' Motion. [ECF No. 56.] For the reasons outlined below, the court grants the Motion.

## BACKGROUND

 Plaintiffs are five current employees of Centerra Group, LLC, who are participants in the Centerra 401(k) Plan ("the Plan"). In their complaint, Plaintiffs bring a variety of claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, arising out of alleged improper investment decisions that resulted in losses to participants'

1

retirement savings and excessive administrative fees. Specifically, Plaintiffs assert claims under ERISA § 502(a)(2) and (a)(3), codified as 29 U.S.C. § 1132(a)(2) and (a)(3). Under § 1132(a)(2), which permits a derivate action to seek remedies available under § 1109, Plaintiffs seek to hold Defendants personally liable for losses to the Plan resulting from their alleged breach of fiduciary duty. *See* [ECF No. 64 at 3 (citing ECF No. 1 at 63).] Plaintiffs also seek various forms of equitable relief under §§ 1132(a)(3) and 1109(a). *Id.* Included in Plaintiffs' complaint is a demand for a jury trial under Federal Rule of Civil Procedure 39 and the Constitution. [ECF No. 1 at 62.]

Defendants now move to strike Plaintiffs jury demand under Federal Rule of Civil Procedure 39(a)(2). [ECF No. 55.] Plaintiffs filed their response in opposition, ECF No. 64, and the Centerra Defendants filed a reply, ECF No. 67. This matter is now ripe for review.

## LEGAL STANDARD

A party may move to strike a jury demand pursuant to Federal Rule of Civil Procedure 39(a)(2). Rule 39(a)(2) provides that all issues so demanded must be tried by a jury unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). A federal right to a jury trial may be provided by statute or as declared by the Seventh Amendment and "is preserved to the parties inviolate." Fed. R. Civ. P. 38(a).

The Seventh Amendment provides a right to a jury trial only in "suits at common law," which refers to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53 (1989) (*quoting Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)).

**DISCUSSION**

Defendants maintain that Plaintiffs do not have a right to a jury trial because their claims under ERISA are equitable in nature. In contrast, Plaintiffs assert that because one of their claims for relief under ERISA seeks compensatory damages from Defendants, a traditionally legal form of relief, they are entitled to a jury trial under the Seventh Amendment. In the alternative, Plaintiffs ask the court to exercise its discretion to empanel an advisory jury pursuant to Rule 39(c)(1).

**I.   Right to Jury Trial on ERISA Claims.**

Historically, courts have held that claims arising under ERISA are equitable in nature, and thus, there is no right to a jury trial on the claims. And the Fourth Circuit has provided no exception to this rule. In fact, the Fourth Circuit has repeatedly held that plaintiffs are not entitled to a jury trial where they seek equitable relief under ERISA. *See Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985) (finding congressional silence on right to a jury trial in ERISA claims returned the question to the common law of trusts, where "proceedings to determine rights under employee benefit plans are equitable in character and thus a matter for a judge, not a jury."); *Biggers v. Wittek Indus.*, 4 F.3d 291, 298 (4th Cir. 1993) (remanding for a bench trial where the plaintiff's contract claim was preempted by ERISA and thus, "should have been tried by the court under ERISA principles rather than before the jury under Illinois contract law"); *see also Phelps v. C.T. Enters., Inc.*, 394 F.3d 213, 222 (4th Cir. 2005); *Garrett v. Merch.'s, Inc.*, 27 F.3d 563, 1994 WL 266088 (4th Cir.1994) (per curiam) (unpublished table decision).

Following the Fourth Circuit's precedent, courts in this Circuit have struck jury demands in cases like this one where plaintiff's claims were brought under § 1132(a)(2) and (a)(3). *See, e.g.*, *Broadnax Mills v. Blue Cross and Blue Shield of Virginia*, 876 F. Supp. 809 (E.D. Va. 1995) (denying jury trial for claims of monetary recovery under § 1132(a)(2) and (a)(3) and noting "any

3

entitlement of monetary relief necessarily turns upon whether or not the fiduciary has breached its ERISA duties, thus, any relief sought is necessarily intertwined with the equitable process of resolving the ultimate issue—whether or not there has been a breach of fiduciary duties"); *Demastes v. Midwest Diversified Mgmt. Corp.*, No. 3:19-cv-00065, 2020 WL 1490741, at *5 (W.D.N.C. Mar. 24, 2020) (striking jury demand on the plaintiff's ERISA claims for breach of duty under § 1132(a)(2) and (a)(3)); *Cherepinsky v. Sears Roebuck & Co.*, 455 F. Supp. 2d 470, 476 (D.S.C. 2006) ("[T]his court is of the opinion that it is still good law in the Fourth Circuit that ERISA actions are equitable in nature and are for the Court to decide rather than the jury."); *Pearson v. Abbott Labs. Annuity Ret. Plan*, No. 4:06-cv-03330, 2007 WL 2688616, at *5 (D.S.C. Sept. 10, 2007) (finding plaintiff not entitled to jury trial on his claims for breach of fiduciary duty and to enjoin action under 1132(a)(3) because "these claims implicate fiduciary duties and trust principles and are most analogous to a suit in equity under the common law"); *Perez v. Silva*, 185 F. Supp. 3d 698, 703–05 (D. Md. 2016); *see also Dotson v. McLeod Health Short Term Disability Plan*, No. 4:07-cv-151, 2007 WL 2688559, at *2 (D.S.C. Sept. 10, 2007) ("[B]inding precedent in this Circuit mandates that jury trials are not available in ERISA actions.").

Furthermore, the Fourth Circuit's holdings are consistent with other circuits that have broadly held that there is no right to a jury trial under ERISA, even where the plaintiffs seek monetary relief. *See* [ECF No 55-1 n.3 (collecting cases)]. The vast majority of district courts addressing whether relief sought against a fiduciary under § 1132(a)(2) or (a)(3) is equitable or legal in nature have ruled that the relief is equitable, thus precluding a Seventh Amendment right to a jury trial. *See, e.g.*, *Tracey v. Massachusetts Inst. of Tech.*, 395 F. Supp. 3d 150, 151 (D. Mass. 2019); *Ramos v. Banner Health*, No. 15-cv-2556, 2019 WL 1558069, at *4 (D. Colo. Apr. 10, 2019); *Spano v.*

4

*Boeing Co.*, No. 06-cv-743, 2007 WL 1149192, at *8 (S.D. Ill. Apr. 18, 2007) (collecting cases); [ECF No. 67 at 3 (collecting cases).]

The overwhelming weight of authority supports striking Plaintiffs' jury demand here.

**II. Plaintiffs Have No Seventh Amendment Right to a Jury Trial on Their ERISA Claims.**

Because ERISA does not grant a statutory right to a jury trial, *see Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985), Plaintiffs' jury demand is dependent on the Seventh Amendment's guarantee of a jury trial for "suits at common law," U.S. Const. Amend. VII. The Seventh Amendment right to a jury trial applies only when legal rights, not equitable rights, are at issue. *See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564–65 (1990). In determining whether a claim is legal or equitable under the Seventh Amendment, courts engage in a two-prong inquiry based on: (1) the nature of the issues involved and (2) the remedy sought. *See Lamberty v. Premier Millwork & Lumber Co.*, 329 F. Supp. 2d 737, 744 (E.D. Va. 2004) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)). The second prong carries more weight. *Id.* The court addresses both prongs in turn.

**A. Nature of the Issues Involved.**

The first prong asks whether the issues involved are legal or equitable in nature. In this case, Plaintiffs claim that Defendants breached their fiduciary duties under ERISA through improper investment decisions that resulted in losses to the Plan and excessive administrative fees. Claims under ERISA are equitable, not legal, in nature. In fact, ERISA derives primarily from the law of trusts. *See, e.g.*, *Varity Corp. v. Howe*, 515 U.S. 489, 496 (1996) (ERISA's "fiduciary duties draw much of their content from the common law of trusts"); *Firestone Tire & Rubber CO. v. Bruch*, 489 U.S. 101, 110 (1989) ("ERISA abounds with the language and terminology of trust law," and codified "certain principles developed in the evolution of the law of trusts"). ERISA typically

5

treats the Plan as a trust and Plan fiduciaries as trustees. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 439 (2011). Accordingly, Plaintiffs' ERISA claim is analogous to that of a trustee's breach of fiduciary duty, which was traditionally decided by a court of equity. *See Colonial Williamsburg Found. v. Blue Cross & Blue Shield of Va.*, 909 F. Supp. 386, 390 (E.D. Va. 1995) (finding alleged violations of § 1132(a)(2) and (a)(3) "implicate fiduciary duties and trust law principles which traditionally have been resolved in suits in equity"); *Perez v. Silva*, 185 F. Supp. 3d 698, 701–02 (D. Md. 2016) ("As to the first step, there is little doubt that actions brought under section 502(a)(2) are more akin to those actions traditionally adjudicated by Chancellors at equity than to those adjudged in courts of law."). This action for breach of fiduciary duty, therefore, "is the kind of lawsuit that, before the merger of law and equity, [Plaintiffs] could have brought only in a court of equity, not a court of law." *Amara*, 563 U.S. at 439 (citation omitted). The first prong weighs in favor of striking Plaintiffs' jury demand.

**B. Remedy Sought.**

Plaintiffs fare no better on the second prong—the remedy sought. In this case, Plaintiffs seek equitable relief under § 1132(a)(2) and (a)(3).

   **i. Section 1132(a)(3)**

23 U.S.C. § 1132 provides the exclusive means of civil enforcement of ERISA. Here, Plaintiffs seek to enjoin Plan fiduciaries under § 1132(a)(3) from violating their duties in the future. *See* [ECF No. 64 at 4 (citing Compl. at 63)]. Plaintiffs also seek a "surcharge" against Defendants under § 1132(a)(3) and in favor of the Plan for "all amounts involved in any unlawful transaction." *Id.* Plaintiffs do not contest that the relief they seek under this section of ERISA is equitable. *See id.* And case authority is clear that § 1132(a)(3) provides for equitable relief only and, therefore, entails no right to a jury trial. *See Phelps*, 394 F.3d at 222. Indeed, the injunctive relief Plaintiffs

6

seek under § 1132(a)(3) is plainly equitable. *See Amara*, 563 U.S. at 440. And even though Plaintiffs seek a "surcharge" under § 1132(a)(3), this monetary remedy has historically been considered a form of equitable relief. *See id.* at 439.

The relief Plaintiffs seek under § 1132(a)(3) is equitable in nature, and Plaintiffs are not entitled to a jury trial on their claims arising under this section of ERISA.

### ii.  Section 1132(a)(2).

Turning to the relief Plaintiffs seek under § 1132(a)(2), this section of ERISA allows a plan participant or beneficiary to sue on behalf of the plan for "appropriate relief under section 1109." Section 1109 provides that plan fiduciaries shall be personally liable for losses to the plan resulting from their breach of duty. 29 U.S.C. § 1109. Section 1109 also provides for "such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciar[ies]." *Id.* Here, Plaintiffs, as beneficiaries and participants of the Plan, seek to hold Defendants, as Plan fiduciaries, personally liable for losses to the Plan under § 1132(a)(2). The question remains, is this requested relief equitable or legal in nature?

Plaintiffs argue that because they seek "'compensatory damages—monetary relief for all losses [the Plan] sustained as a result of the alleged breach of fiduciary duties'—this case involves 'the classic form of legal relief.'" [ECF No.64 at 3 (quoting *Mertens*, 508 U.S. at 255).] Further, Plaintiffs contend that because the sums they seek are for performance losses to the Plan or excessive fees paid to third parties, they do not seek "specifically identifiable funds" in Defendants' possession, and thus, the relief sought cannot be equitable. In support, Plaintiffs rely

on a trilogy of Supreme Court cases, *Mertens*, *Great-West*, and *Montanile,* all involving ERISA claims against non-fiduciaries.[1]

Defendants respond by pointing to *Cigna Corp v. Amara*, 563 U.S. 421, 441 (2011), where the Court recognized that in the context of an ERISA claim against a *fiduciary*, "the fact that . . . relief takes the form of a money payment does not remove it from the category of traditionally equitable relief." The Court found the fiduciary relationship critical because a claim against an ERISA fiduciary for breach of duty is analogous to a claim against a trustee for breach of duty, which could only have been brought in a court of equity. *Id.* at 439; *see also id.* at 443 (noting "insofar as an award of make-whole relief is concerned, the fact that the defendant in this case, unlike the defendant in *Mertens*, is analogous to a trustee makes a critical difference"). The Court explained that equity courts were empowered "to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Id.* at 439–40. Because the monetary remedy Plaintiffs seek here—recovery of losses to the plan caused by the Defendants' breach of duty—is analogous to a claim against a trustee for breach of duty, the court finds that it is equitable in nature. Although Plaintiffs contend that the compensatory damages sought here are a form of legal relief, it does not change the analysis that under *Amara*, the fact that Plaintiffs seek a monetary remedy for breach of duty does not remove it from the category of traditionally equitable relief. *See* 536 U.S. at 441. Prong two, therefore, weighs in favor of striking Plaintiffs' jury demand.

---

[1] *See Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002); *Montanile v. Bd. of Trustees of Nat'l Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651 (2016).

The cases Plaintiffs rely on in support—*Mertens*, *Great-West*, and *Montanile*—are distinguishable from this case as they involve claims against *non-fiduciaries* and fail to address the ultimate issue of whether there is a Seventh Amendment right to a jury trial under ERISA. *See Mertens*, 508 U.S. at 250 (holding § 1132(a)(3)'s provision of "appropriate equitable relief" does not provide for the collection of compensatory damages from a *non-fiduciary* actuary); *Great-West*, 534 U.S. at 207 (claim against a plan *beneficiary* seeking to enforce the plan's reimbursement provision was based on a contractual obligation to pay money, and thus, sought legal relief unavailable under § 1132(a)(3)); *Montanile*, 136 U.S. at 660 (recovery sought from plan *beneficiaries* under § 1132(a)(3) was based on a contractual obligation). This court does not find that the Court's dicta in *Mertens*, *Great-West*, or *Montanile* supplants well-established precedent that the Plaintiffs' claims are equitable in nature.[2] Accordingly, the court agrees with Defendants, that *Amara* supports a finding that the monetary relief sought here is equitable in nature, and *Mertens*, *Great-West*, and *Montanile* are inapplicable.

Nor is Plaintiffs' reliance on the district court case *Cunningham v. Cornell Univ.*, No. 16-cv-6525, 2018 WL 4279466 (S.D.N.Y. Sept. 6, 2018), as persuasive as Plaintiffs contend. In

---

[2] *See In re YRC Worldwide, Inc. ERISA Litig.*, No. 09-2593, 2010 WL 4920919, at *3 (D. Kan. Nov. 29, 2010) (*Great-West* did not "overturn[] the traditional view that plaintiffs' claims [under § (a)(2) and (a)(3)] are equitable claims arising under trust law for purposes of the Seventh Amendment"); *Ellis v. Rycenga Homes, Inc., No.* 1:04-cv-694, 2007 WL 1032367, at *4 ("Properly understood, neither *Mertens* nor [*Great-West*] requires a conclusion that the Seventh Amendment gives the right to a trial by jury in an action to recover money against the trustee for breach of duty for the benefit of an ERISA plan."); *Ramos v. Banner Health,* No. 15-cv-2556, 2019 WL 1558069, at *3 (D. Colo. Apr. 10, 2019) (*Montanile* does not overturn the well-established precedent regarding the right to a jury trial under § 1132(a)(2)); *Troudt v. Oracle Corp.*, No. 16-CV-00175-REB-SKC, 2019 WL 8348317, at *1 (D. Colo. May 30, 2019). (Neither *Montanile* nor *Great-West Life* undermines precedent holding that ERISA remedies are inherently equitable in nature (citations omitted)); *Tracey v. Massachusetts Inst. of Tech.*, 395 F. Supp. 3d 150, 153–54 (D. Mass. 2019) (*Great-West*, *Mertens*, and *Montanile* do not require a jury trial on a claim for breach of fiduciary duty under § 1132(a)(2)); *Bell v Pension Comm. of ATH Holding Co., LLC*, No. 1:15-cv-02062, 2016 WL 4088737, at *2 (S.D. Ind. Aug. 1, 2016) (same).

*Cunningham*, the court departed from the majority approach that claims under § 1132(a)(2) are equitable in nature because it was constrained by its circuit's interpretation of *Great-West* in a non-ERISA case, *Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir. 2005). The *Cunningham* court even noted that the Second Circuit in *Pereria* "may have over-read *Great–West* in applying its dictum to the issue of the right to trial by jury under the Seventh Amendment." 2018 WL 4279466, at *4. But unlike the court in *Cunningham*, this court is not bound to follow *Pereira*. *See* [ECF No. 67 at 4–5]; *see also Tracey*, 395 F.Supp.3d at 154 (noting the *Cunningham* court was constrained to follow Pereira and "[t]his court is not similarly constrained and chooses to follow numerous other districts that have allowed defendants' motions to strike the jury demand" under section §1132(a)(2))). And this court, like others who have addressed the issue, rejects *Cunningham* in light of the Supreme Court's decision in *Amara* and the great weight of authority holding that claims for monetary relief under § 1132(a)(2) are equitable in nature. *See e.g. Tracey*, 395 F. Supp at 154; *Ramos*, 2019 WL 1558069, at *4; *Troudt*, at *1.

Given the equitable nature of the relief Plaintiffs seek and the weight of authority consistently striking jury demands in cases like this one, the court grants Defendants' Motion.

## II. Plaintiffs' Request for an Advisory Jury.

The final matter for the court is Plaintiffs' alternative request for an advisory jury under Federal Rule of Civil Procedure 39(c). Rule 39(c)(1) provides that "[i]n an action not triable of right by a jury, the court, on motion or on its own may try any issue with an advisory jury." Fed. R. Civ. P. 39(c)(1). Plaintiffs argue that an advisory jury is desirable because it would promote judicial economy in the event the Fourth Circuit reverses the court's decision to strike Plaintiffs' jury demand, and the jury would incorporate a desirable community perspective. *See* [ECF No. 64 at 16–17.] Defendants counter that if Plaintiffs are "erroneously denied the right to a jury trial, the

10

presence of an advisory jury will be ignored" and the court's "judgment will not stand on appeal." [ECF No. 67 at 5 (quoting 8 Moore's Federal Practice–Civil § 39.40[3] (2021)]; *see Hunter v. Town of Mocksville, N. Carolina*, 897 F.3d 538, 563 (4th Cir. 2018) (noting an advisory jury has "no binding legal significance"). Of course, the Defendants are correct. If the court's judgment is reversed, the case will be remanded for a new jury trial even if "an advisory jury was impaneled and the court accepted the advisory verdict, or a party wishes to accept the verdict of the advisory jury." 8 Moore's Federal Practice–Civil § 39.40[3] (2021). Rather than promoting judicial economy, it appears an advisory jury would only prolong proceedings and increase trial cost.

The court is also unpersuaded by Plaintiffs' argument that the court should empanel an advisory jury because it incorporates a community perspective on the fiduciary conduct of retirement plan sponsors which "is desirable given that defined contribution plans, such as the Plan, have largely become America's retirement system and fiduciary standards impact all retirees." [ECF No. 64 at 16]. The court's role is to apply the law to Plaintiffs' ERISA claims. Incorporating the community's perspective into this legal matter is unwarranted. *See Beesley v. Int'l Paper Co.*, No. 06-703, 2009 WL 260782, at *6 (S.D. Ill. Feb. 4, 2009) ("While Plaintiff argues that an advisory jury would incorporate the public's views of morality, it is the job of the Court to decide the legal viability of Plaintiffs' claims and the Court has an extensive and comprehensive statutory and regulatory framework established under ERISA in which to rely."); *Johnson v. Georgia–Pacific Corp.*, 19 F.3d 1184, 1190 (7th Cir.1994) ("[B]ecause ERISA is a highly technical statute our part is to apply it as precisely as we can, rather than to make adjustments according to a sense of equities in a particular case.").

Defendants argue that an advisory jury would cause unfairness to Defendants for very little gain. [*See* ECF No. 67 at 6–7.] In support, Defendants point to *Sprague v. General Motors Corp.*,

145 F.R.D. 418 (E.D. Mich. 1992), where the court rejected a plaintiff's advisory jury demand on ERISA claims. The court reasoned that there are significant tactical differences in presenting a case to a court as opposed to a jury, there is a possibility of conflicting findings of fact between the court and jury creating unnecessary confusion, and that an advisory jury increases the costs to the parties. *Id.* Furthermore, the defendant would be forced to incur the additional burdens and expenditures of the advisory jury, despite the court ruling in their favor on the jury issue. *See id.*; [ECF No. 67 at 6–7]. For those same reasons, the court agrees with Defendants that a jury trial is undesirable here.

For all these reasons, the Court declines to exercise its discretion to empanel an advisory jury under Rule 39(c)(1).

## CONCLUSION

For the foregoing reasons, this court concludes that Plaintiffs do not have a right to a jury on their ERISA claims. As a result, Defendants' motions to strike Plaintiffs' jury demand, ECF Nos. 55, 56, are **GRANTED**. Plaintiffs' alternative request for an advisory jury pursuant to Rule 39(c)(1) is likewise **DENIED**.

January 7, 2022  
Florence, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge