IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Shawn Williams, David Green, Jamie Coomes, Malcum Kenner, and Andrew Barrett, *individually and as representatives of a class of participants and beneficiaries on behalf of the Centerra Group, LLC 401(k) Plan (nka the Constellis 401(k) Plan)*,<br><br>  Plaintiffs,<br><br>v.<br><br>Centerra Group, LLC; The Benefit Plan Committee of the Centerra Investment Group, LLC; The Investment Committee of the Centerra Group, LLC; AON Hewitt Investment Consulting, Inc. (nka Aon Investments USA, Inc.); Paul P. Donahue; Deborah F. Ricci; Marcia Aldrich; and John Does 1–10;<br><br>  Defendants. | Case No.: 1:20-cv-04220-SAL<br><br>**ORDER** |

This matter is before the court on motion by plaintiffs Shawn Williams, David Green, Jamie Coomes, Malcum Kenner, and Andrew Barrett, individually and as representatives of a class of participants and beneficiaries on behalf of the Centerra Group, LLC 401(k) Plan (nka the Constellis 401(k) Plan) to voluntarily dismiss defendant Deborah F. Ricci, ECF No. 204, and motion by Plaintiffs' and defendant Aon Hewitt Investment Consulting, Inc. (nka Aon Investments USA, Inc.) for preliminary approval of class settlement, ECF No. 208. Defendants Centerra Group, LLC; the Benefit Plan Committee of the Centerra Investment Group, LLC; the Investment Committee of the Centerra Group, LLC; Paul P. Donahue; and Marcia Aldrich (collectively, the "Centerra Defendants") oppose both motions. [ECF Nos. 212 and 233 (opposition to motion for

1

settlement approval); ECF No. 213 (opposition to motion to dismiss).] For the reasons below, the court denies both motions without prejudice.

## BACKGROUND

Plaintiffs are five current employees of Centerra Group, LLC, who are participants in the Centerra 401(k) Plan ("the Plan"). They aim to obtain relief under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA") and assert claims against the Centerra Defendants, Ricci, Aon, and John Does 1-10. [*See* ECF No. 1, Compl.] Specifically, Plaintiffs allege Defendants violated the fiduciary duties of prudence and loyalty imposed by 29 U.S.C. § 1104(a)(1)(A) and (B) engaged in prohibited transactions in violation of 29 U.S.C. § 1106(a). *Id.* As to the latter claim, Plaintiffs take issue with Defendants' selection and retention of five collective investment trusts and investment options in the Plan: the Aon Hewitt Large Cap Equity Fund, the Aon Hewitt Small & Mid Cap Equity Fund, the Aon Hewitt Non-U.S. Equity Fund, the Aon Hewitt Core Plus Bond Fund, and the Aon Hewitt Retirement Solution target date funds (collectively, the "Aon Trusts"). *Id.* Plaintiffs bring additional claims for breach of fiduciary duty against the Centerra Defendants, alleging they failed adequately to monitor Aon and caused the Plan to incur excessive recordkeeping and administrative fees. *Id.*

On Defendants' motion, the court dismissed certain of Plaintiffs' claims and allowed the following claims to proceed: (1) Plaintiffs' claim that the Centerra Defendants breached their duty of prudence by selecting Aon and by selecting and retaining the Aon Trusts in the Plan's investment lineup (Count I); (2) Plaintiffs' claim that Aon breached its duties of prudence and loyalty by selecting and retaining the Aon Trusts for the Plan (Count I); (3) Plaintiffs' claim that the Centerra Defendants breached their duty of prudence by incurring excessive Plan administrative and recordkeeping fees (Count II); (4) Plaintiffs' claim that the Centerra Defendants

engaged in a prohibited transaction by hiring Aon as an investment manager for the Plan (Count III); (5) Plaintiffs' claim that Aon engaged in prohibited transactions by causing the Plan to invest in the Aon Trusts (Count III); and (6) Plaintiffs' claim that the Centerra Defendants failed to adequately monitor Aon (Count IV). [ECF No. 175 at 2.]

The parties conducted discovery for a little over two years after the court ruled on the motions to dismiss, and Plaintiffs moved to certify a class on April 25, 2023. [ECF No. 159.] The parties stipulated that certification of a class was appropriate, and the court later granted Plaintiffs' motion and certified a class pursuant to the parties' stipulation. [*See* ECF Nos. 175, 247.] While Plaintiffs' motion to certify the class was pending, however, Plaintiffs moved to voluntarily dismiss defendant Deborah F. Ricci. [*See* ECF Nos. 204, 213.] The Centerra Defendants oppose that motion, arguing Ricci should only be dismissed after notice to the class and court approval pursuant to Rule 23, FRCP. [*See* ECF No. 213.]

At the same time, Plaintiffs and Aon reached a settlement of Plaintiffs' claims against Aon and moved the court for preliminary approval of the parties' proposed settlement and of the proposed form of notice to the settlement class and requested the court set a hearing for final settlement approval. [*See* ECF No. 208.] Plaintiffs and Aon's proposed settlement, however, requires the court to enter a bar order providing, among other things, that the Centerra Defendants are barred from bringing certain claims against Aon. *See id.* The Centerra Defendants opposed the motion. [*See* ECF No. 212.] The court held a hearing on several matters, including Plaintiffs' motion to voluntarily dismiss Ricci and Plaintiffs and Aon's motion for settlement approval, at which time the court instructed Plaintiffs and Aon to confer with the Centerra Defendants to see if the parties could resolve the Centerra Defendants' concerns. Plaintiffs and Aon then filed amended settlement documents, ECF No. 227, and the Centerra Defendants renewed their original

3

objections to the settlement,ECF No. 233.  Plaintiffs and Aon filed replies in support of the settlement as to the original agreement and the amended agreement.  [ECF Nos. 217, 236.]

With both motions fully briefed, the matters are ripe for resolution by the court.

## DISCUSSION

The court is keenly aware of the unusual situation before it.  On the one hand, it cannot say it has ever before received such strong objections to a plaintiff's attempts to dismiss one defendant and settle its claims against another.  On the other hand, it also cannot say it has ever been asked to bless an agreement between two parties that extinguishes a third party's contractual right to indemnification, particularly where that third party had no part in crafting the agreement extinguishing its rights. Though the court is mindful of the strong policy favoring settlements, the Centerra Defendants raise valid objections to Plaintiffs and Aon's proposed settlement, particularly concerning the settlement's impact on the Centerra Defendants' contractual rights to indemnification.  The court also agrees that Plaintiffs must satisfy Rule 23, FRCP's notice requirements to voluntarily dismiss Ricci.  For these reasons, the court denies both motions without prejudice.

I.     **Plaintiffs' Motion to Voluntarily Dismiss Ricci.**

Plaintiffs here seek to voluntarily dismiss Ricci with prejudice pursuant to Rule 41(a)(2), FRCP, without providing notice to the class.  At the time Plaintiffs filed their motion, the court had not certified a class.  But the court has now done so.  [*See* ECF No. 247.]  So, we turn to Rule 23, FRCP, to determine whether voluntary dismissal of Ricci without notice is appropriate.  Rule 23(e) notes "[t]he claims, issues, or defenses of a certified class . . . may be settled, *voluntarily dismissed*, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).  Rule 23(e) goes on to outline procedures which "apply to a proposed settlement, *voluntary*

4

*dismissal*, or compromise . . . ." *Id.* (emphasis added). Those procedures include providing notice to the class. *See* Fed. R. Civ. P. 23(e)(1). Plaintiffs advance three reasons why notice is not necessary here: (1) Rule 23(e) only requires notice when the "claims, issues, or defenses" of a certified class may be dismissed; (2) notice is not necessary because the class members' claims will continue against the remaining Defendants; and (3) the parties stipulated certification of the class pursuant to Rule 23(b)(1), FRCP, which does not allow class members to opt out of the certified class. [*See* ECF No. 204 at 4–5.]

The court is not convinced. First, by dismissing Ricci, Plaintiffs are *dismissing their claims against her*. Such a situation falls plainly within the language of Rule 23(e). We reject Plaintiffs' second argument for the same reason: their claims against the Centerra Defendants and, as discussed below, Aon may continue, but *their claims against Ricci* will not. As the parties discussed at the hearing, the Centerra Defendants do not have insurance applicable to Plaintiffs' claims. [ECF No. 229, Hrg. Tr. 73:20–74: 10.] The court hesitates, then, to dismiss one defendant—*with prejudice*—without first providing notice to the class, since Ricci is a potential source of recovery for Plaintiffs. Finally, the court sees no reason to dispense with Rule 23(e)'s notice requirement solely because the parties stipulated to the certification of a "no opt out" class— which the court has now certified. This is particularly true considering the question the Centerra Defendants have raised regarding their lack of available insurance.

For these reasons, the court denies Plaintiffs' motion to voluntarily dismiss Ricci. Should the Centerra Defendants wish to dismiss Ricci, they should seek the court's approval to do so pursuant to Rule 23(e), FRCP.

**II.     Plaintiffs and Aon's Joint Motion for Preliminary Settlement Approval.**

As discussed above, Plaintiffs and Aon's proposed settlement contemplates the court's entry of a bar order under which the Centerra Defendants, as non-settling Defendants, are "permanently barred, enjoined, and restrained from filing, commencing, or prosecuting, maintaining, or asserting any Barred Claims against Aon Hewitt or the Released Parties in this Action or in any other forum, action, or proceeding of any kind. All such Barred Claims shall be extinguished, precluded, discharged, satisfied, and unenforceable . . . ." [ECF No. 227-1 § 2.4(g)(ii).]. The settlement agreement defines "Barred Claims" to include "Claims asserted or that could have been asserted by the Non-Settling Defendants against Aon Hewitt for indemnity and/or contribution and/or third-party Claims of any type (including contractual indemnity claims) arising from this Action, excepting any claims seeking only the recovery of attorneys' fees and litigation costs incurred in defending this Action . . . ." *Id.* § 1.9. Plaintiffs and Aon consider "Claims" to "mean[] any and all manner of claims, actions, causes of actions, potential actions, suits, arbitrations, controversies, costs, damages, losses, obligations, liabilities, judgments, and demands whatsoever, suspected or unsuspected, accrued or unaccrued . . . arising under the laws, regulations, or common law . . . in law, in contract, or in equity, and regardless of legal theory." *Id.* § 1.12.

The requested bar order also provides for what the parties have deemed a "judgment credit" (Plaintiffs and Aon) or "indemnity credit" (the Centerra Defendants) whereby "any judgment entered in favor of the Named Plaintiffs or the Class against the Non-Settling Defendants in the Action shall be reduced by the amount (exclusive of attorney's fees and expenses) that represents the recovery the [Centerra] Defendants would be entitled to from Aon Hewitt under the indemnification terms of the Investment Management Agreement in respect of the judgment." *Id.* § 2.4(g)(iii). Undermining the protection of this credit, the Centerra Defendants argue, is another

6

provision within the settlement agreement wherein Plaintiffs agree they will not pursue any claim against the Centerra Defendants "that derives from, or is premised upon, the contention that Aon . . . breached ERISA fiduciary duties or otherwise violated a provision of ERISA in providing delegated fiduciary services or other investment advisory or consulting services to [the Centerra Defendants]." *Id.* § 7.6.

The Centerra Defendants strongly oppose the proposed bar order on the grounds it is unfair and prejudicial. [*See* ECF No. 212; ECF No. 233.] Specifically, they argue the bar order extinguishes the contractual rights they bargained for in the IMA with Aon. The IMA provides Aon "shall indemnify and hold harmless [the Centerra Defendants] . . . from and against any and all damages, loses, and expenses . . . for all Losses arising out of the performance of Services that arise from [Aon's] . . . [b]reach of fiduciary duty or duties . . . ." [ECF No. 212-1 § 10(a)(i).] Aon's liability under the IMA is "calculated as the percentage share that [Aon's] actions bear to the total Losses that are attributable, if any, to [the Centerra Defendants'] and/or Plan employees' and/or Plan fiduciaries' comparable actions." *Id.* § 10(b)(i). But since § 7.6 of the settlement agreement expressly provides Plaintiffs will *not* pursue any claim arising from any contention Aon breached any fiduciary duties or otherwise violated ERISA, the Centerra Defendants argue Plaintiffs and Aon have "ensure[d] the Indemnity Credit cannot actually apply to the litigation." [ECF No. 212 at 20.]

The IMA also includes a choice of law and venue provision under which Aon and the Centerra Defendants agreed to construe the Agreement in accordance with Illinois state law and bring any claims pursuant to the agreement in either Illinois state court or the United States District Court for the Northern District of Illinois. *Id.* § 15(i). Notably, Illinois law provides a ten-year statute of limitations for contractual indemnification claims. [*See* ECF No. 212 at 10–11 (citing

7

*Travelers Cas. & Sur. Co. v. Bowman*, 893 N.E.2d 583, 591 (Ill. 2008)); ECF No. 233 at 4–5.] According to the Centerra Defendants, the proposed bar order extinguishes their contractual right to enforce the indemnity provision in Illinois and under Illinois law without any compensation. [*See* ECF No. 212 at 10–13.]

Before addressing the substance of the Centerra Defendants' arguments, though, a note about bar orders. In the early-1990s the Fourth Circuit noted a "trend toward" imposing bar orders barring contribution claims "in partial settlements *involving securities law*." *In re Jiffy Lube Securities Litigation*, 927 F.2d 155, 160 (4th Cir. 1991) (emphasis added). And, indeed, courts have entered bar orders in cases involving securities law claims, including courts in this district. *See, e.g.*, *U.S. Fid. & Guar. Co. v. Patriot's Point Development Authority*, 788 F. Supp. 880 (D.S.C. 1992) (entering proposed bar order and noting bar orders "advance the strong federal interest of settlement of complex class action securities cases"); *South Carolina Nat. Bank v. Stone*, 749 F. Supp. 1419 (D.S.C. 1990) (noting federal courts have "virtually without exception" approved proposed bar orders in connection with *securities law claims*). But "the strong interest in promoting settlement must be tempered by concerns of fairness to all parties." *U.S. Fid. & Guar. Co.*, 788 F. Supp. at 882. With that said, the Centerra Defendants concede that federal courts have entered bar orders extinguishing contractual indemnity rights over a defendant's objections in cases involving securities law claims. [*See* ECF No. 233 at 3, n.1.]

The rub here, of course, is that this is not a securities case. According to the Centerra Defendants, that is a key distinction, given that "federal courts disallow claims for indemnification because such claims run counter to the policies underlying the federal securities acts." *Eichenholtz v. Brennan*, 52 F.3d 478, 484 (3d Cir. 1995). Those policies include "encouraging diligence and discouraging negligence in securities transactions," which is "accomplished by exposing insurers

8

and underwriters to the substantial hazard of liability for compensatory damages." *Id.* (internal citation omitted). Other courts have zeroed in on that distinction, particularly where *contractual* indemnification rights are at risk. *See, e.g.*, *In re Lawnmower Engine Horsepower Mktg. & Sales Pracs. Litig.*, 733 F. Supp. 2d 997 (E.D. Wis. 2010) (noting the case before the court "is not a securities case, and thus any bar order permitted by federal securities law is inapplicable" and agreeing with defendant that the court "cannot extinguish its contractual indemnity rights"); *Audrey Salentin Hodgins Tr. Dated December 16, 1995 and Francis Edward Hodgins Irrevocable Tr. Dated December 16, 1995. v. Comprehensive Capital Mgmt., Inc.*, No. 11-2159, 2014 WL 12736158 (C.D. Ill. May 27, 2014) (noting the case "is not a securities litigation case" and that under the facts and circumstances of the case "it would be inappropriate . . . to enter a bar order barring indemnification claims based on the express terms of the contract(s)"). So, while Plaintiffs and Aon have pointed to cases where courts entered bar orders extinguishing contractual indemnification rights in connection with *securities* litigation, the Centerra Defendants have pointed to authority suggesting securities cases are inapplicable in this context. To that end, Plaintiffs and Aon have not cited any authority suggesting the court can extinguish the Centerra Defendants' *contractual* indemnification rights in ERISA cases.[1]

While Plaintiffs and Aon pay lip service to the Centerra Defendants' contractual indemnification rights, the credit—when read in conjunction with the IMA and § 7.6 of the settlement agreement—appears only to protect Aon and Plaintiffs. *Id.* § 2.4(g)(ii). Put simply, here is what the settlement agreement provides: The Centerra Defendants can no longer assert any

---

[1] Indeed, in one case, the defendant's objections concerning a proposed bar order that would extinguish its right to contractual indemnification were resolved by stipulation without the court addressing the substance of the objection. *See In re WorldCom, Inc. ERISA Litigation*, 339 F. Supp. 2d 561, 567 n.5 (S.D.N.Y. 2004).

claims against Aon arising out of the action, including any claims for contractual indemnification. To "compensate" the Centerra Defendants for their loss of contractual indemnification, the bar order provides that any judgment Plaintiffs receive will be reduced by the amount the Centerra Defendants would be entitled to from Aon "under the indemnification terms of the [IMA]." *Id.* § 2.4(g)(iii). But those terms allow for indemnification for any losses arising from Aon's breach of fiduciary duties. [ECF No. 212-1 § 10(a)(i).] Plaintiffs need not worry that any judgment they receive will be reduced pursuant to the bar order since they have expressly covenanted *not* to pursue any claim against the Centerra Defendants "that derives from [] or is premised upon" any argument that Aon breached any fiduciary duties or violated any ERISA provision. [ECF No. 227-1 § 7.6.] Aon gets the benefit of settling Plaintiffs' claims without fear of having to indemnify the Centerra Defendants, while Plaintiffs get the benefit of a settlement with Aon *and* have a mechanism for arguing around the applicability of the judgment or indemnity credit. The fairness of this bar order as to the Centerra Defendants—which the court must consider in determining whether to adopt it—is suspect.

And even if the bar order *did* adequately protect the Centerra Defendants' rights to indemnification, the court agrees the order does not provide any compensation for the Centerra Defendants' loss of the IMA's venue and choice of law provisions. This loss is most acutely felt when considering § 7.6 of the settlement agreement. Plaintiffs have made it clear they do not intend to argue their claims derive from any of Aon's breaches, so it is on the Centerra Defendants to make that showing if they wish to receive a judgment reduction. Whereas the Centerra Defendants would have "substantial time"—years, likely—to bring an indemnification claim against Aon absent the bar order, the bar order requires to make this showing at the same time it is defending against Plaintiffs' claims. [*See* ECF No. 212 at 11–12.] Not only is this prejudicial

10

to the Centerra Defendants, but it is also not what Aon and the Centerra Defendants agreed to when they executed the IMA. Under the clear terms of that agreement, those parties agreed the Centerra Defendants would be entitled to enforce the indemnification agreement in Illinois pursuant to Illinois law. To enter the bar order, then, would be to allow Aon to essentially nullify its contract with the Centerra Defendants through agreement with Plaintiffs, who are *not* parties to the IMA, with no input from the Centerra Defendants. While the court is certainly mindful of the strong interest in encouraging settlements, it agrees that the proposed bar order is prejudicial to the Centerra Defendants.

For these reasons, the court denies without prejudice Plaintiffs and Aon's joint motion for preliminary approval of class settlement. The court stresses it does not make this decision lightly. Not only does federal policy favor settlement of cases, but these parties would also likely be best served by resolving Plaintiffs' claims without going through the expense of a bench trial. With that said, the Centerra Defendants raise significant concerns regarding the settlement agreement's bar order.

## CONCLUSION

For the reasons above, the court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to voluntarily dismiss Deborah F. Ricci, ECF No. 204, and Plaintiffs' and Aon's joint motion for preliminary approval of class settlement, ECF No. 208.

**IT IS SO ORDERED.**

*Sherri A. Lydon*

January 5, 2024                                   Sherri A. Lydon
Columbia, South Carolina                          United States District Judge